UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

---

BRANDON STORMS, on behalf of himself
and all others similarly situated,,

        Plaintiff,

v.

NS8, INC.,

        Defendant.

---

Case No. _____

## CLASS ACTION COMPLAINT

Plaintiff Brandon Storms (herein, "Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint for violations of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq.* ("WARN Act"), against NS8, Inc. ("NS8," the "Company," or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of counsel, which included, among other things, a review of public court filings, media reports, as well as other public information regarding the Company, except as to allegations specifically pertaining to Plaintiff and Plaintiff's counsel, which are based on personal knowledge.

### NATURE OF ACTION

1. This is a class action on behalf of the employees of NS8 that were abruptly terminated in contravention of the WARN Act.

2. NS8 is a fraud detection technology company that employed approximately 225 employees in its business of developing and selling electronic tools to help online vendors assess the fraud risks of customer transactions.

3. On September 11, 2020, NS8 terminated Plaintiff and most of its workforce, resulting in over 200 full-time employees losing their jobs across its facilities in California, Florida, and Nevada, including at least 75 in its Las Vegas, Nevada facility.[1]

4. NS8's founder and Chief Executive Officer ("CEO"), Adam Rogas, resigned ten days earlier on September 1, 2020.  Concerns about the financial practices of the CEO and the Company had surfaced, at latest, by late August 2020, if not before.

5. NS8 has been the subject of a Securities and Exchange Commission fraud investigation since 2019 as well as an investigation by the Federal Bureau of Investigation.

6. Plaintiff was not told the reason for the mass layoff when he was terminated.

7. Although NS8 provided a purported WARN notice to its terminated employees, it did not explain why the layoff was ordered other than to say "sudden and unforeseeable business circumstances."

8. Accordingly, Defendant's lack of notice and actions violated the WARN Act through the abrupt mass layoff and closing of its facilities that resulted in lost employment for at least 75 employees, thus fulfilling the WARN Act's threshold requirements of at least 50 employees and at least 33% of the Company's workforce at a single facility being terminated.[2]

9. Plaintiff brings this action on behalf of himself and all other similarly situated former employees who worked for Defendant and who were terminated without cause as part of, or as the foreseeable result of, the mass layoff ordered by Defendant and who were not provided 60 days advance written notice of their terminations by Defendant as required by the WARN Act.

---

[1] Pursuant to 20 C.F.R. 639.3(i) additional employees may have been considered to be employed at the Company's headquarters due to the nature of their duties and work.

[2] 29 U.S.C. § 2l01(a)(2) & (3).

10. Plaintiff and all similarly situated employees seek to recover 60 days wages and benefits from Defendant pursuant to the WARN Act.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

12. Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(1), (2) and 29 U.S.C. § 2104(a)(5).

## PARTIES

13. Plaintiff worked as a business development manager for Defendant as a remote employee reporting to Defendant's facility located at 241 West Charleston Boulevard, # 111, Las Vegas, Nevada 89102 until his termination on or about September 11, 2020.

14. Defendant NS8 is a Delaware corporation with its principal place of business in Las Vegas, Nevada.  The Company operates and sells a comprehensive fraud prevention platform that combines behavioral analytics, real-time scoring, and global monitoring to help online businesses minimize risk.

15. Upon information and belief, at all relevant times, Defendant conducted business in this District.

16. In addition to Las Vegas, Defendant maintained facilities in Miami Beach, Florida, San Francisco, California, and San Ramon, California (together, the "Facilities").

## CLASS ALLEGATIONS

17. **Class Definition**: Plaintiff brings this action pursuant to Fed R. Civ. P. 23 on behalf of a class of similarly situated individuals, defined as follows (the "Class"):

> All former employees who worked for or reported to Defendant and were terminated without cause on or about September 11, 2020, and within 90 days of

that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff ordered by Defendant on or about September 11, 2020, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5).

18. **Numerosity**: The members of the Class are so numerous that their individual joinder is impracticable. On information and belief, members of the Class number more than 200. The precise number and identity of all Class members are unknown to Plaintiff at this time but may be determined through discovery provided by the Company. Similarly, information concerning each Class member's rate of pay and benefits will be available from the Company's payroll records. Upon information and belief, at least 75 employees were terminated at the Company's Las Vegas facility.

19. **Commonality and Predominance**: Common questions of fact and law exist as to all members of the Class and predominate over questions affecting only individual Class members. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member include, include but are not limited to the following:

(a) whether the Class members were employees of Defendant who worked at or reported to Defendant's facilities;

(b) whether Defendant terminated the employment of the Class members without cause on their part and without giving them 60 days advance notice in violation of the WARN Act; and

(c) whether Defendant unlawfully failed to pay the Class members 60 days of wages and benefits as required by the WARN Act.

20. **Typicality and Adequacy:** Plaintiff's claims are typical of those of the Class. Plaintiff, like other Class members, worked at or reported to Defendant's Facilities and was

terminated without cause on or about September 11, 2020, due to the mass layoff and/or plant closing ordered by Defendant.  Plaintiff, like the other Class members, was entitled to receive 60 days advance written notice under the WARN Act.  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

21. **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability.  Moreover, even if every member of the Class could afford to pursue individual litigation, the Court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.  Individualized litigation would also present the potential for inconsistent or contradictory judgments, and it would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.  By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each member of the Class.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.  Plaintiff anticipates no difficulty in the management of this action as a class action.

## **FIRST CAUSE OF ACTION**

### For Violation of the WARN Act, 29 U.S.C. § 2101, *et seq.*
### (On Behalf of Plaintiff and the Class Against Defendant)

22. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

23. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

24. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until it decided to order a mass layoff or plant closing at one or more of its Facilities, as that term is defined by 29 U.S.C. § 210l (a)(2) and 20 C.F.R § 639.3(i).

25. On or about September 11, 2020, Defendant ordered a mass layoff and/or plant closing at one or more of its Facilities, as that term is defined by 29 U.S.C. § 210l (a)(2) and 20 C.F.R. § 639.3(i).

26. The mass layoff or plant closing at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(2) for at least fifty of Defendant's employees as well as thirty-three percent (33%) of Defendant's workforce at one or more of its Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

27. Plaintiff and the Class members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 210l(a)(5).

28. Plaintiff and the Class members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant at one or more of its Facilities.

29. Defendant was required by the WARN Act to give Plaintiff and the Class members at least 60 days advance written notice of their terminations.

30. Defendant failed to give Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

31. Plaintiff and each of the Class members are "aggrieved employees" of Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

32. Defendant failed to pay Plaintiff and each of the Class members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of themselves and the proposed Class, respectfully requests that this Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing counsel as Class Counsel;

B. Awarding Plaintiff and the Class compensatory damages Defendant, for all damages sustained as a result of Defendants' wrongdoing, in an amount equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other COBRA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A);

   C. Awarding Plaintiff and the Class reasonable litigation expenses and attorneys' fees pursuant to 29 U.S.C. § 2104 (a)(6);

   D. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

   E. Awarding such other and further relief as equity and justice may require.

Dated: September 30, 2020

**OF COUNSEL:**

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Matthew M. Guiney (*pro hac vice* forthcoming)
Kevin G. Cooper (*pro hac vice* forthcoming)
270 Madison Avenue, 9th Floor
New York, NY 10016
Telephone: (212) 545-4600
E-mail: guiney@whafh.com
E-mail: kcooper@whafh.com

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky (#3147)
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff and the Putative Class*